# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

| | |
|---|---|
| **In the matter of the Search of**<br>(Name, address or brief description of person, property or premises to be searched)<br><br>**Manufactured Home Located at**<br>**2229 Bison Way Drive**<br>**Florala, Alabama 36442** | **APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**<br><br>CASE NUMBER: 2:07mj40-TFM |

I _____B.Chad Yarbrough,_____ being duly sworn depose and say:

I am an agent  assigned to the Federal Bureau of Investigation  and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

**a manufactured home located at 2229 Bison Way Drive Florala, Alabama 36442,**
**see Attachment B for a more particular description,**

in the _____Middle_____ District of _____Alabama_____
there is now concealed a certain person or property, namely (describe the person or property to be seized)

**see Attachment A,**

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense,**

concerning a violation of Title ___18___ United States Code, Section(s)__2252 & 2252A.__

The facts to support the issuance of a Search Warrant are as follows:

**See Attached Affidavit.**

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

_____B. Chad Yarbrough_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

__April 5, 2007 @ 9:35 am__ at __Montgomery, Alabama__
Date and Time Issued                City and State

TERRY F. MOORER, U.S. Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT

I, B. Chad Yarbrough, do depose and state the following:

(1). I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since June of 2006. I am currently assigned to the Mobile Field Office, Dothan Resident Agency. Prior to my employment with the FBI, I was employed as a Special Agent with the Internal Revenue Service-Criminal Investigation Division for five years.

(2). This affidavit is being made in support of a search warrant for the residence of 2229 Bison Way Drive, Florala, Alabama, 36442, which has been more fully described in **Attachment B** of this affidavit. The information contained in this affidavit is based upon my own investigation and experience, as well as information provided by other law enforcement officials, including FBI SA Brian Pickens, Kansas City Division, Kansas. Because this affidavit is being submitted for the purpose of securing a search warrant, it does not contain all the information from the investigation, but only those facts deemed necessary to establish probable cause for the requested search warrant.

(3). Affiant has probable cause to believe that evidence in violation of Title 18, United States Code, Section 2252 (Certain activities relating to material involving the sexual exploitation of minors) and 2252A (Certain activities relating to material constituting or containing child pornography), instrumentalities of such violations, and any fruits of the crime are located in a manufactured home at 2229 Bisonway Drive, Florala, Alabama, 36442.

(4). Title 18, United States Code, Section 2252(a)(1)(A)(B) provides, in pertinent part that: Any person who - knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if - the producing of such visual

depiction involves the use of a minor engaging in sexually explicit conduct; and - such visual depiction is of such conduct shall be fined under this title and imprisoned not less than five years and not more than 20 years, but if such person has a prior conviction under this chapter or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than fifteen years nor more than forty years.

(5). Title 18, United States Code, Section 2252A(a)(1) provides, in pertinent part that: Any person who - knowingly mails, or transports or ships in interstate of foreign commerce by any means, including by computer, any child pornography shall be fined under this title and imprisoned not less than five years and not more than 20 years, but if such person has a prior conviction under this chapter or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than fifteen years nor more than forty years.

### I. COMPUTERS AND CHILD PORNOGRAPHY

(6). Computers and computer technology have revolutionized the way in which individuals interested in child pornography interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies). The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. There were definable costs involved with the production of pornographic images. To

distribute these images on any scale required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these photographs was accomplished through a combination of personal contacts, mailings, and telephone calls.

(7). The development of computers has changed this; computers serve four basic functions in connection with child pornography: production, communication, distribution, and storage.

(8). Child pornographers can now transfer photographs from a camera onto a computer-readable format with a device known as a scanner. With the advent of digital cameras, the images can now be transferred directly onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world.

(9). The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store hundreds of thousands of images at very high resolution.

(10). The Internet and its World Wide Web afford collectors of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

(11). Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo! and Hotmail, among others. The online services allow a user to set up an account with a

remote computing service that provides e-mail services as well as electronic storage of computer files in a variety of formats. A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer.

(12). As is the case with most digital technology, communications by way of computer can be saved or stored on the computer used for these purposes. Storing this information can be intentional, i.e., by saving an e-mail as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files. Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or Internet Service Provider client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. A forensic examiner can often recover evidence which shows that a computer contains files which were uploaded or downloaded. Such information may be maintained indefinitely until overwritten by other data.

## II. SEXUAL EXPLOITATION OF CHILDREN BACKGROUND

(13). The majority of individuals who collect child pornography and subscribe to child pornography websites are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature.

(14). The majority of individuals who collect child pornography often seek out and correspond with like-minded individuals, to share information and trade child pornography and

child erotica. This contact helps these individuals to rationalize and validate their sexual interests and behavior.

(15). Individuals whose sexual objects are minors commonly collect and save child pornography as representations of their sexual fantasies. These include explicit reproductions of a child's image, voice, or handwriting, and they include computer image files, photographs, negatives, magazines, motion pictures, video tapes, books, slides, audiotapes, handwritten notes, drawings or other visual media.

(16). Individuals who collect child pornography usually keep and cherish it as a way of understanding their own feelings and justifying those feelings. These individuals rarely throw such items away. They typically keep it for many years, and will not be without it for long periods of time. These materials are usually maintained in a secure place, that is easily accessible to them, most often a residence, to avoid detection by law enforcement. These individuals often maintain lists of names, addresses, telephone numbers and screen names of individuals with whom they have been in contact and who share the same interests in child pornography.

(17). Child Pornography is a permanent record of the sexual abuse of a child victim. Each time child pornography is reproduced, downloaded, or forwarded by an Internet user, the victimization of the minor appearing in the pornography is perpetuated. Such items are important evidence and indications of an individual whose sexual objects are children and of that individual's motive, intent, and predisposition to violate Section 13A-12-192 of the Code of Alabama and Title 18 United States Code, Section 2251(a)(b)(c)(A).

### III. SPECIFICS OF SEARCH AND SEIZURE OF COMPUTER SYSTEMS

(18). Searches and seizures of evidence from computers commonly require agents to

download or copy information from the computers and their components, or seize most or all computer items (computer hardware, computer software, and computer related documentation) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following:

    a. Computer storage devices (like hard disks, diskettes, tapes, laser disks, magneto opticals, and others) can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order and with deceptive file names. This requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks, depending on the volume of data stored, and it would be generally impossible to accomplish this kind of data search on site; and

    b. Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data. The search of a computer system is an exacting scientific procedure which is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction

(which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

## IV. SEARCH METHODOLOGY TO BE EMPLOYED

(19). The search procedure of electronic data contained in computer hardware, computer software, and/or memory storage devices may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

    a.    examination of all of the data contained in such computer hardware, computer software, and/or memory storage devices to view the data and determine whether that data falls within the items to be seized as set forth herein;

    b.    searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

    c.    surveying various file directories and the individual files they contain;

    d.    opening files in order to determine their contents;

    e.    scanning storage areas;

    f.    performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist

that are likely to appear in the evidence described in **Attachment A**; and/or

g.  performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in **Attachment A.**

## V. LOCAL INVESTIGATION

(20). On or about November 29, 2006, information was received from SA Brian Pickens, Kansas City Division of the FBI regarding a child pornography investigation involving Mark F. Harigan and the address 2229 Bisonway Drive in Florala, Alabama.

(21). Specifically, on or about May 1, 2006, SA Wade Luders, San Francisco Division of the FBI, received an email from sf_leader88@hotmail.com to a covert email account. The email advertised a child pornography website located at http://www.grecabondase2006.com. SA Luders clicked on the link provided in the email, and was connected to a website containing multiple images of child pornography named "Super Elite Child Porno" being hosted at the IP address 216.39.58.43.

(22). SA Luders clicked on a link to "Join" the website, and provided undercover credit card information to the website. Shortly thereafter, SA Luders received a confirmation email to the covert email address from the child pornography website that directed the payment to PayPal account sport-tips.net. The PayPal account was further identified by email address eliocroitoru@yahoo.co.uk. SA Luders utilized a covert PayPal account and sent the requested payment of $89.04 to the PayPal account identified by email address eliocroitoru@yahoo.co.uk.

(23). Research provided by SA Luders to the Affiant reveled the email address eliocroitoru@yahoo.co.uk has addresses in the United Kingdom, particularly with London, Kent and Cornwall. An exact address is 85 Musbury Street, London.

(24). On or about May 2, 2006, SA Luders received an email to the covert email account. The email contained a login and password to the website at https://har.merseine.nu:11111/. SA Luders logged into the site using the login and password, and viewed multiple images and videos of child pornography in the website named "Hard Lovers".

(25). On or about May 5, 2006, an administrative subpoena was issued to Paypal for information of PayPal customers that paid approximately $89.00 to the PayPal account identified by email address eliocroitoru@yahoo.co.uk. PayPal provided detailed account information and account transactions of the identified customers.

(26). One of the customers identified by PayPal was Mark Harigan. Harigan's account showed to be open and current. Harrigan's account listed the address 2229 Bison Way, Florala, Alabama and email address harigan1@aol.com. Harigan's PayPal account paid approximately $89.00 on 04/12/2006 to the PayPal account identified by email address eliocroitoru@yahoo.co.uk.

(27). On or about March 7, 2007, your Affiant was advised by Immigrations and Customs Enforcment (ICE) that an individual named Mark Harigan had been identified in their ongoing investigation regarding access of a child pornography website. Through search warrants conducted by ICE, it was determined that Harigan was granted access to a child pornography website on March 15, 2006 and May 6, 2006. Harigan provided his home address to the website as 2229 Bison Way Drive in Florala, Alabama. The credit card utilized to access the website was Visa credit card, ending in the last four numbers of 6679. Harigan provided his e-mail address to the website as harigan1@aol.com.

(28). On January 24, 2007, your Affiant conducted a driver's license search and

identified valid Alabama driver's license number 6641640 for Mark Harigan. The driver's license showed Harigan's address as 2229 Bison Way, Florala, Alabama, 36442, his date of birth as ■/■/1961, and his social security account number as ■■-■■-6904. The driver's license described Harigan as 6 foot 3 inches tall, 230 pounds, brown eyes, and red hair.

(29). On March 6, 2007, Detective Wesley Snodgrass of the Covington County Sheriff's Department (Andalusia, Alabama) drove by the residence located at 2229 Bison Way Drive in Florala, Alabama. Detective Snodgrass observed a white male, identified as Mark Harigan, exit the driveway for the address 2229 Bison Way Drive in Florala, Alabama in a burgundy Ford Ranger pickup.

(30). On March 19, 2007, your Affiant received information, pursuant to an administrative subpoena, from America Online Inc.(AOL) regarding AOL screen name harigan1. The information showed the screen name harigan1 is subscribed to by Mark Harigan at 2229 Bison Way Drive in Florala, Alabama. Harigan's account showed his evening and daytime telephone contacts as (334) 858-3974. Harigan's account utilized credit card with the last four numbers of 6679 for billing purposes. This is the same credit card number utilized by Harigan to access the illegal child pornography website in the above mentioned ICE investigation. The credit card expires in November 2008, and the cardholders name is Mark Harigan. Detailed billing logs showed Harigan's account was created on January 10, 2006 and remained active as of March 19, 2007.

(31). On March 29, 2007, your Affiant contacted Wiregrass Electric Cooperative (WEC) in Dothan, Alabama. WEC advised that Mark Harigan, social security account number ■■-■■-6904, currently subscribes to electricity at the address 2229 Bison Way Drive, Florala, Alabama,

36442. WEC advised that Harigan's account services a trailer house located on the property identified by the address 2229 Bison Way Drive in Florala, Alabama.

(32). On March 29, 2007, your Affiant interviewed Marian Harigan, the mother of Mark Harigan, at her residence located at 2229 Bison Way Drive, Florala, Alabama. Ms. Harigan advised that she resides in the brick residence located on the property identified by the address 2229 Bison Way Drive in Florala, Alabama. Mark Frederick Harigan, her son, resides in a separate residence on the property. Ms. Harigan stated her son's residence was a manufactured home located across the pasture. Ms. Harigan advised she and her son utilize the same telephone number and address.

(33). Ms. Harigan pointed out her son's residence to your Affiant. The residence appeared to be a white or cream colored manufactured home located behind a thick line of trees. The residence was Northeast of Ms. Harigan's residence, and a small pond was located between the two residences. A map of the residence is attached to **Attachment B**.

(34). Ms. Harigan has internet access at her residence, which is connected to a computer located in the front office of her residence. Ms. Harigan rarely, if ever, utilizes the internet. Ms Harigan advised she had asked her son to order her items via the internet on a couple of occasions, but that was the only time she recalled her son using her computer.

(35). Ms. Harigan told your Affiant that her son has his own separate internet access at his residence, which he receives through a satellite.

## VI. CONCLUSION

(36). Based on the facts and circumstances summarized above in this affidavit, I believe there is probable cause to believe that evidence, fruits and instrumentalities of violations of Tile

## ATTACHMENT A

## LIST OF ITEMS TO BE SEIZED AND SEARCHED

1. All visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and any mechanism used for the receipt or storage of the same, including but not limited to:

> Any computer, computer system and related peripherals including and data processing devices and software (including but not limited to central processing units; internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, routers, computer compact disks, CD-ROMS, DVD, and other memory storage devices); peripheral input/output devices (including but not limited to keyboards, printer, video display monitors, scanners, digital cameras, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including but not limited to physical keys and locks).

2. Any and all computer passwords and other data security devices designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code.

3. Any and all documents, records, emails, and internet history (in documentary or electronic form) pertaining to the possession, receipt or distribution of child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, or pertaining to an interest in child pornography whether transmitted

or received.

4. Any and all records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, as well as any and all records relating to the ownership or use of computer equipment found in the residence.

5. Documents and records regarding the ownership and/or possession of the searched premises.

6. During the course of the search, photographs of the searched premises may also be taken to record the condition thereof and/or the location of items therein.

## **ATTACHMENT B**

**DESCRIPTION OF SEARCH LOCATION**

Manufacture Home Located at
2229 Bison Way Drive
Florala, Alabama, 36442

There are two residences located at the address 2229 Bison Way Drive, Florala, Alabama. The residence to be searched is described as a white or cream colored manufactured home. The residence is located Northeast of a brick residence that is also located at the address. There is a pond that separates the manufactured home from the brick residence. Located at the entrance to 2229 Bison Way Drive, Florala, Alabama is a small sign and mailbox with the numbers 2229 displayed. Bison way is located off of Covington County Road 89 approximately 2 miles South of Alabama Highway 54. A map of the property is attached to this description.



18, United States Code 2252 and 2252A, involving the possession and distribution of child pornography, are located in the manufactured home at 2229 Bison Way, Florala, Alabama, 36442, which is located in the Middle District of Alabama.

                                                                                          *B. Chad Yarbrough* (signature)
                                                                                          SA B. Chad Yarbrough
                                                                                          Federal Bureau of Investigation

Sworn and subscribed
before me this 5th
day of April, 2007.

_____
United States Magistrate Judge